995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell Harrell JACKSON, aka Rashad Ali Muhammad, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, Department of Corrections,
Defendant-Appellee.
 No. 92-16337.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 18, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell Harrell Jackson, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants prison officials in his 42 U.S.C. § 1983 action. Jackson alleged violations of his eighth amendment rights arising from restrictions limiting his exercising, showering, and cell cleaning, and due process violations for being placed on administrative detention status. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 "This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading Inc. v. Russ Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992).
 
 A. Eighth Amendment
 
 4
 Jackson contends that the prison officials violated his eighth amendment rights by reducing his exercise, showering and cell cleaning schedule from daily to only three times a week which is the schedule established for prisoners on administrative detention status. The district court found that the prison officials placed Jackson on the reduced schedule due to his shoulder injury which required that he refrain from work for thirty days.
 
 
 5
 To constitute cruel and unusual punishment in violation of the eighth amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. In establishing conditions of confinement, prison officials violate a prisoners eighth amendment rights when they manifest an unnecessary and wanton disregard for any resulting allegedly unconstitutional prison conditions. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991); Whitley v. Albers, 475 U.S. 312, 319 (1986).
 
 
 6
 Here, the record indicates that the prison officials reduced Jackson's exercise, shower and cleaning schedule as part of his "medical lay-in" status to permit his shoulder injury to heal. Although this restriction is similar to that imposed on prisoners on administrative detention status, in this instance it was clearly not implemented to place Jackson on such status. Because the restriction was reasonable in light of Jackson's injury, there was no eighth amendment violation and the district court did not err by granting summary judgment for prison officials on this issue. See Wilson, 111 S.Ct. at 2326; Rhodes, 452 U.S. at 319.
 
 B. Fourteenth Amendment
 
 7
 Jackson contends that he was placed on administrative detention status without notice or a hearing in violation of his due process rights. Jackson cites to the restrictions placed on his exercise and cleaning schedules to support his claim. Jackson's contention lacks merit.
 
 
 8
 Affidavits submitted by the prison officials state that Jackson was never placed on administrative detention status during the time in question, but rather was on medical lay-in status due to his shoulder injury. Although the exercise and cleaning schedules are identical for prisoners on medical lay-in and administrative detention status, this similarity does not entitle Jackson to notice and a hearing before being placed on medical lay-in status. Jackson presented no evidence other than his conclusory allegations to indicate that he was in fact placed on administrative detention status. Moreover, in his response to the prison officials' statement of facts, Jackson admitted that "[a]ll policies and procedures were adhered to in placing [him] on medical lay-in status from November 13, 1989 to December 13, 1989, and all rights were given to [him] as far as the medical provider knew." In the response Jackson also stated that the prison officials told him that "if he was on medical lay-in he would be ... placed on an [administrative detention] cleaning schedule...." Accordingly, the district court did not err by granting summary judgment for prison officials on this issue.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3